**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PABLO HUANCA,** | |
| Plaintiff, | Civil Action No.: |
| vs. | |
| **JET MOUNTAIN DEVELOPMENT, L.L.C. dba DUKE'S LANDSCAPE MANAGEMENT, INC., and ERIC ROSS, individually,** | **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |
| Defendants. | |

Plaintiff PABLO HUANCA ("Huanca" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants JET MOUNTAIN DEVELOPMENT, L.L.C. dba DUKE'S LANDSCAPE MANAGEMENT, INC., and all other affiliated entities and/or joint employers ("Duke's" or Defendant) and ERIC ROSS, individually, (collectively "Duke's Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants'

violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately April 2018, and continuing until approximately early October 2018, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation for all hours worked, as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, w a g e s , attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt driving and landscape l a b o r e r  duties for the Defendants out of their principal place of business located in Hackettstown, Warren County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as

2

defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscape business, which purchases goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

### Plaintiff

10. Plaintiff Huanca is an adult individual who is a resident of Plainfield, New Jersey.

11. Plaintiff Huanca was employed by Defendants full time as a driver and landscape laborer performing duties in furtherance of Defendants' business.

### Corporate Defendant

12. Duke's is a New Jersey corporation, formed in or about 1983, with its principal offices located at 50 Route 46 West, Hackettstown, NJ 07840.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

### Individual Defendant

14. Upon information and belief, individual Defendant Eric Ross is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Eric Ross has been an owner, partner, officer and/or manager of the Defendant Duke's.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant

Eric Ross has had power over personnel decisions at the Defendant Duke's business.

17. Defendant Eric Ross was regularly present at Duke's, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**COLLECTIVE ALLEGATIONS**

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' for all hours worked in excess of 40 hours in any given week, and by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one

4

and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning in approximately April 2018, and continuing to September 2018, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their landscaping business.

28. Plaintiff was required to spend approximately thirty (30) to forty five (45) minutes, in addition to the time that it would have taken Plaintiff to drive himself to and from work, both in the morning, as well as in the afternoon, driving other employees to and from work, without any compensation.

29. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated drivers, for all overtime hours worked.

30. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

31. Plaintiff Huanca was paid $16.00 per hour.

32. Plaintiff Huanca routinely worked six (6) to (7) days per week.

33. Plaintiff Huanca rarely, if ever, worked less than forty (40) hours in a workweek.

34. Upon information and belief, employees similarly situated to Plaintiff were

    also not properly compensated for some of their hours that they worked in excess of forty (40)

    hours per week.

35. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA

    and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff and all similarly situated employees were performing

    their duties for the benefit of and on behalf of Defendants.

37. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§

    201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly

    situated employees performed services and labor for Defendants for which Defendants made

    no provision to pay Plaintiff and other similarly situated employees compensation to

    which they were lawfully entitled for all of the hours worked in excess of forty (40) within a

    work week.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

39. Plaintiff is entitled to compensation for each of his overtime hours worked, each work week.

40. All similarly situated employees of the Defendants are similarly owed their overtime

    rate for each and every overtime hour they worked and were not properly paid.

41. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for all of their overtime hours worked.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

46. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

47. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

**JURY TRIAL**

48. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; and

(2) on their second cause of action, in an amount to be determined at trial, plus attorneys' fees and costs.

Dated: March 7, 2019                          Respectfully submitted,

                                                          /s/ Andrew I. Glenn
                                                         Andrew I. Glenn
                                                         Email: Aglenn@jaffeglenn.com New
                                                         Jersey Bar No.:  026491992
                                                         Jodi J. Jaffe, Esquire
                                                         E-mail: jjaffe@JaffeGlenn.com
                                                         New Jersey Bar No.: 022351993
                                                         **JAFFE GLENN LAW GROUP, P.A.**
                                                         301 N. Harrison Street, Suite 9F, #306
                                                         Princeton, New Jersey 08540
                                                         Telephone: (201) 687-9977
                                                         Facsimile: (201) 595-0308